IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDMOND STEVE LOWE, 573977, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-394-P |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On December 19, 1990, Petitioner was convicted of murder and was sentenced to sixty-five years in prison. *The State of Texas v. Edmond Steven Lowe*, No. F90-34490-P (203rd Jud. Dist. Ct., Dallas, Tex. Dec. 19, 1990).

Petitioner does not challenge his conviction. Instead, he argues that Respondent has unconstitutionally denied him release to parole.

On May 16, 2009, Petitioner filed a state petition for writ of habeas corpus raising his parole claims. *Ex parte Lowe*, No. 23,751-05. On September 5, 2012, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On December 26, 2012, Petitioner filed the instant § 2254 petition. On March 8, 2013, he filed an amended petition. He argues:

1. Respondent denied him parole in violation of the Due Process Clause;

2. Respondent's decision to deny parole has effectively modified the judgment;

3. Respondent's decision to deny parole violates the Ex Post Facto Clause;

4. He does not have an adequate remedy at law; and

5. Respondent's decision to deny parole violates Petitioner's rights under the Equal Protection Clause.

On July 24, 2013, Respondent filed his answer arguing, *inter alia*, that the petition is barred by the statute of limitations. On October 22, 2013, Petitioner filed his reply. The Court now determines the petition should be dismissed as time-barred.

## II. Discussion

**1. Statute of Limitations**

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

Petitioner states Respondent has unlawfully denied him parole since 2005. (Reply at 1.) The Court determines therefore, that Petitioner either knew, or could have known through the exercise of due diligence, of his parole claims by January 1, 2006. Petitioner then had one year, or until January 1, 2007, to file his federal petition.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of state habeas proceedings. On May 16, 2009, Petitioner filed a state habeas petition. This petition was filed after the limitations period expired, however, so it did not toll the limitations period.

Petitioner was required to filed his § 2254 petition by January 1, 2007. He did not file his petition until December 26, 2012. His petition is therefore untimely.

**2.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 18th day of December, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).